IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ATLANTIC CASUALTY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No.: |
| MZ CONSTRUCTION CORP. and FIRST NONPROFIT INSURANCE COMPANY a/s/o CHICAGO YOUTH CENTERS, | ) ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Atlantic Casualty Insurance Company brings this complaint seeking a declaration of the parties' rights and obligations under a contract of insurance, and states as follows:

## NATURE OF THE SUIT

1. This is a declaratory judgment action brought pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 1332.

2. An actual and justiciable controversy exists between Atlantic Casualty Insurance Company ("Atlantic") and MZ Construction Corp. ("MZ Construction"). This action will resolve a dispute regarding whether a policy of insurance issued by Atlantic to MZ Construction obligates Atlantic to defend or indemnify MZ Construction in connection with an underlying lawsuit.

## PARTIES, JURISDICTION, AND VENUE

3. Plaintiff Atlantic Casualty Insurance Company is a corporation organized under the laws of North Carolina with its principal place of business in Goldsboro, North Carolina.

4. Defendant MZ Construction Corp. is a corporation organized under the laws of Illinois with its principal place of business in Elmwood Park, Illinois.

5. Defendant Nonprofit Insurance Company ("First Nonprofit") is a corporation organized under the laws of Delaware with its principal place of business in Chicago, Illinois. First Nonprofit is named as a defendant only to the extent that it is considered a necessary or potentially interested party. Atlantic only seeks to bind First Nonprofit to the outcome of this coverage dispute.

6. The amount in controversy exceeds $75,000.00. MZ Construction is seeking defense and indemnification under a policy of insurance issued to it by Atlantic in relation to an underlying lawsuit. The amount at issue in the underlying lawsuit and the anticipated cost to defend that lawsuit exceed $75,000.00.

7. There is complete diversity of the parties and the amount in controversy exceeds $75,000.00. Jurisdiction thus exists under 28 U.S.C. § 1332.

8. Venue is appropriate in this district. The events giving rise to the underlying lawsuit and this insurance coverage dispute took place in this district. Furthermore, the insurance contract at issue in this action was issued to MZ Construction in this district.

## BACKGROUND

I. **The Contract and MZ Construction's Work on the Building**

9. On April 28, 2015, MZ Construction and Chicago Youth Centers entered into a contract to remove and replace the roof of a building located at 3415 West 13th Place, Chicago, Illinois (the "Building"). A true and accurate copy of the contract is attached as Exhibit A.

10. The contract contained a scope of work. Pursuant to that scope of work, MZ Construction was to remove the Building's existing membrane roof and install "a new modified bitumen torch down roof," among other things.

11. The contract provided a five (5) year warranty and a factory warranty for any work supplied by MZ Construction.

12. MZ Construction hired a subcontractor to perform the roof work on the Building.

## II. The Underlying Lawsuit

13. On February 15, 2018, First Nonprofit filed a lawsuit captioned, *First Nonprofit Insurance Company a/s/o Chicago Youth Centers v. MZ Construction Corp.*, Case No. 2018-L-1680, pending in the Circuit Court of Cook County, Illinois (the "Underlying Lawsuit"). A true and accurate copy of the Complaint filed in the Underlying Lawsuit is attached as Exhibit B (the "Complaint").

14. The Complaint contains the following allegations:[1]

    a. On February 19, 2016, Chicago Youth Centers was the owner/lessee of the Building. *See* Ex. B at ¶ 1).

    b. MZ Construction performed roof installation and repair services on the Building. (*See* Ex. B at ¶ 2).

---

[1] Atlantic seeks to faithfully summarize the allegations of the Complaint. By doing so, it does not presently take a position regarding the truth or falsity of those allegations.

3

  c. While performing those services, MZ Construction was negligent in one or more ways. Among others, those ways included: installing and/or repairing the roof in a negligent manner; failing to act carefully in making necessary repairs to the roof; and failing to properly perform roof replacement services. (*See* Ex. B at ¶ 4).

  d. As a direct and proximate result of MZ Construction's negligence, the Building was damaged. (*See* Ex. B at ¶ 5).

  e. First Nonprofit spent significant sums to repair the Building's damages. (*See* Ex. B at ¶ 5).

  f. As Chicago Youth Centers' subrogee, First Nonprofit seeks an award of damages totaling $120,654.70, plus interest and costs, in the Underlying Lawsuit. (*See* Ex. B at *ad damnum*).

## THE ATLANTIC POLICY

15. Atlantic Casualty Insurance Company issued policy number L113003624 to MZ Construction, effective from July 11, 2015 to July 11, 2016 (the "Policy"). A true and accurate copy of the Policy (with premium information redacted) is attached as Exhibit C.

16. The Policy contains a Commercial General Liability coverage part with limits of liability of $1 million per occurrence and $1 million in the aggregate. (*See* Ex. C at Form ACD-GL1 08-11).

## COUNT I - DECLARATORY JUDGMENT
## (No "Property Damage")

17. Atlantic incorporates and re-alleges paragraphs 1 through 16 as if fully set forth herein.

18. The Policy contains the following insuring agreement amended by endorsement:

*SECTION I - COVERAGES*

*COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY*

*1. Insuring Agreement*

    *a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and the duty to defend the insured against any "suit" seeking covered damages. We will have the right, but not the duty, to defend the insured against any "suit" for which we dispute coverage. We will have no duty to defend or indemnify the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.*

    *We may look to extrinsic evidence outside of the allegations and/or facts pleaded by any claimant to determine whether we owe a duty to defend or indemnify against a lawsuit seeking "bodily injury" or "property damage," provided that extrinsic evidence does not contradict a claimant's pleaded allegation and provided that evidence relates to a discrete coverage issue under the policy and not a merits or liability issue. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.…*

    \* \* \*

    *b. This insurance applies to "bodily injury" and "property damage" only if:*

        *(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";*

        *(2) The "bodily injury" or "property damage" occurs during the policy period. …*

(Ex. C at Form CG 00 01 10 01, p. 1; Form AGL-077 03 13, p. 1).

19. The Policy contains an endorsement that defines "property damage" as:

5

17. "Property damage" means:

    a. *Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or*

    b. *Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.*

*However, "property damage" does not include breach of contract, breach of any express or implied warranty, deceptive trade practices or violation of any consumer protection laws.*

*"Property damage" does not include any cost or expense to repair, replace or complete any work to any property that you, or any insured, are otherwise obligated to repair, replace or complete pursuant to the terms of any contract. …*

(Ex. C at Form AGL-106 03 13).

20. Chicago Youth Centers contracted with MZ Construction to remove and replace the roof of the Building. The parties' contract contained a five year warranty for work supplied by MZ Construction. (*See* Ex. B at ¶ 2).

21. The Complaint alleges that MZ Construction defectively performed the roof removal and replacement work. This allegedly caused the Building to sustain damages. (*See* Ex. B at ¶ __).

22. The Complaint further alleges that First Nonprofit paid money to repair the damages to the Building. (*See* Ex. B at ¶ __).

23. The Policy expressly provides that "property damage" does not include the cost to repair defective work that MZ Construction must repair pursuant to the terms of a contract. (*See* Ex. C at Form AGL-106 03 13).

24. Moreover, damage to an insured's own work arising out of a defect in that work does not qualify as "property damage."

25. The Complaint therefore alleges no "property damage," as required by the Policy.

### COUNT II - DECLARATORY JUDGMENT
### (No "Occurrence")

26. Atlantic incorporates and re-alleges paragraphs 1 through 16 as if fully set forth herein.

27. The Policy provides coverage for damages because of "property damage" caused by an "occurrence." (*See* Ex. C at Form CG 00 01 10 01, p. 1).

28. The Policy defines "occurrence" to mean "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." (*See* Ex. C at Form CG 00 01 10 01, p. 14).

29. The Complaint seeks damages arising solely out of MZ Construction's defective construction work on the Building. (*See* Ex. B at ¶ __).

30. Damages resulting from defective construction work do not qualify as damages caused by an "occurrence."

31. The Complaint thus alleges no "property damage" caused by an "occurrence," as required by the Policy.

### COUNT III - DECLARATORY JUDGMENT
### (Damage To Your Product Exclusion)

32. Atlantic incorporates and re-alleges paragraphs 1 through 16 as if fully set forth herein.

33. The Policy contains the following exclusion:

7

2. Exclusions

This insurance does not apply to:

\* \* \*

k. Damaged To Your Product

"Property damage" to "your product" arising out of it or any part of it.

(Ex. C at Form CG 00 01 10 01, p. 5).

34. The Policy defines "your product" as:

21. "Your product":

a. Means:

(1) Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

(a) You;

(b) Others trading under your name; or

(c) A person or organization whose business or assets you have acquired; and

(2) Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

b. Includes:

(1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

(2) The providing of or failure to provide warnings or instructions.

c. Does not include vending machines or other property rented to or located for the use of others but not sold.

(Ex. C at Form CG 00 01 10 01, pp. 15-16).

8

35. The Complaint alleges that MZ Construction failed to properly perform its roof removal and replacement work on the Building. (*See* Ex. B at ¶ __).

36. The Complaint further alleges that this caused the Building to sustain damages. (*See* Ex. B at ¶ __).

37. The Damage to Your Product exclusion bars coverage for the damages at issue in the Complaint.

38. The Policy therefore provides no coverage for MZ Construction in relation to the Underlying Lawsuit.

### COUNT IV - DECLARATORY JUDGMENT
### (Damage To Impaired Property Exclusion)

39. Atlantic incorporates and re-alleges paragraphs 1 through 16 as if fully set forth herein.

40. The Policy contains the following exclusion:

> 2. *Exclusions*
>
> *This insurance does not apply to:*
>
> \* \* \*
>
> m. *Damage To Impaired Property Or Property Not Physically Injured*
>
> *"Property damage" to "impaired property" or property that has not been physically injured, arising out of:*
>
> *(1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or*
>
> *(2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.*
>
> *This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury*

> to "your product" or "your work" after it has been put to its intended use.

(*See* Ex. C at Form CG 00 01 10 01, p. 5).

41. The Policy defines "impaired property" to mean tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

> a. It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or
>
> b. You have failed to fulfill the terms of a contract or agreement;
>
> if such property can be restored to use by:
>
> c. The repair, replacement, adjustment or removal of "your product" or "your work"; or
>
> d. Your fulfilling the terms of the contract or agreement.

(Ex. C at Form CG 00 01 10 01, p. 13).

42. In the Complaint, First Nonprofit alleges that it spent money to repair MZ Construction's faulty work on the Building. (*See* Ex. B at ¶ __).

43. The Damage to Impaired Property exclusion bars coverage for such damages.

44. The Policy therefore provides no coverage for MZ Construction in connection with the Underlying Lawsuit.

## COUNT V - DECLARATORY JUDGMENT
### (Roofing Exclusion)

45. Atlantic incorporates and re-alleges paragraphs 1 through 16 as if fully set forth herein.

46. The Policy contains the following exclusion added by endorsement:

*LIMITATION - ROOFING*

\* \* \*

*Further, this insurance does not apply to any claim, loss, cost or expense for "bodily injury," "property damage" or "personal and advertising injury" as a result of any operations, from initial inspection and pre-installation work to ongoing operations and including completed operations, involving any hot tar, wand, sprayed or sprayed-on material, torch or heat applications, hot membrane roofing or any membrane roofing system requiring heat for application.*

*ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED*

(Ex. C at Form AGL-132 03 13).

47. Chicago Youth Centers contracted with MZ Construction to perform roof removal and replacement work on the Building. (*See* Ex. A).

47. The parties' contract required MZ Construction to remove the Building's existing membrane roof and install "a new modified bitumen torch down roof." (*See* Ex. A).

48. The Roofing exclusion specifically bars coverage for any claim, loss, cost, or expense that results from operations involving torch or heat application roofs or membrane roofing systems that require heat for application.

50. The Roofing exclusion therefore applies to completely bar coverage for MZ Construction in relation to the Underlying Lawsuit.

**COUNT VI - DECLARATORY JUDGMENT
(Independent Contractors and Subcontractors Condition)**

51. Atlantic incorporates and re-alleges paragraphs 1 through 16 as if fully set forth herein.

52. The Policy contains the following condition added by endorsement:

*CONDITION - INDEPENDENT CONTRACTORS AND SUBCONTRACTORS*

\* \* \*

*Condition A.*

*This insurance does not apply to any claim arising from subcontracted work unless the insured can demonstrate:*

1) *The independent contractor or subcontractor maintains insurance in force for his operations with at least the following limits of liability:*

    A. *General Aggregate Limit (Other than Products Completed Operations)…$1,000,000*

       *Products Completed Operations Aggregate Limit…$1,000,000*

       *Each Occurrence Limit…$1,000,000*

    B. *Or the limits provided by this policy, whichever are less; and*

2) *A hold harmless agreement in favor of you has been executed with the independent contractor or subcontractor, for their negligence or fault, the breach or violation of a statute, ordinance, governmental regulation, standard, or rule, or the breach of contract of subcontractor, its agent or employee, or any third party under the control or supervision of the independent contractor or subcontractor; and*

3) *You are endorsed to the independent contractor's or subcontractor's Commercial General Liability policy as an additional insured for the independent contractor's or subcontractor's negligence or fault, the breach or violation of a statute, ordinance, governmental regulation, standard, or rule, or the breach of contract of subcontractor, its agent or employee, or any third party under the control or supervision of the independent contractor or subcontractor; and*

4) *You will obtain Certificates of Insurance from each independent contractor or subcontractor with evidence verifying the requirements of paragraphs 1 and 3 above. These certificates must be kept on file for a minimum of ten years.*

\* \* \*

(Ex. C at Form AGL-130 09 13).

53. MZ Construction hired a subcontractor to perform the roof removal and replacement work on the Building.

54. MZ Construction has not demonstrated that its subcontractor maintained insurance with the limits of liability required by the condition cited above.

55. MZ Construction has not demonstrated that its subcontractor executed a hold harmless agreement, as required by the condition cited above.

56. MZ Construction has not demonstrated that its subcontractor provided it with additional insured coverage, as required by the condition cited above.

57. MZ Construction has not demonstrated that it maintained a Certificate of Insurance from its subcontractor, as required by the condition cited above.

58. MZ Construction has breached the terms of the Independent Contractors and Subcontractors condition of the Policy.

59. The Policy thus provides no coverage for MZ Construction in relation to the Underlying Lawsuit.

### COUNT VII - DECLARATORY JUDGMENT
### (Duties in the Event of an Occurrence, Claim, or Suit)

60. Atlantic incorporates and re-alleges paragraphs 1 through 16 as if fully set forth herein.

61. The Policy contains the following condition:

2. *Duties In The Event Of Occurrence, Offense, Claim Or Suit*

> a. *You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:*
>
> > (1) *How, when and where the "occurrence" or offense took place;*

    (2) *The names and addresses of any injured persons and witnesses; and*

    (3) *The nature and location of any injury or damage arising out of the "occurrence" or offense.*

  b. *If a claim is made or "suit" is brought against any insured, you must:*

    (1) *Immediately record the specifics of the claim or "suit" and the date received; and*

    (2) *Notify us as soon as practicable.*

  *You must see to it that we receive written notice of the claim or "suit" as soon as practicable.*

  c. *You and any other involved insured must:*

    (1) *Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";*

    (2) *Authorize us to obtain records and other information;*

    (3) *Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and*

    (4) *Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.*

      \*   \*   \*

(Ex. C at Form CG 00 01 10 01, pp. 10-11).

  62. The Policy requires MZ Construction to provide Atlantic with notice of "occurrences," claims, or suits as soon as practicable.

  63. The Policy also requires MZ Construction to cooperate with Atlantic during its investigation of a claim or "suit."

64. MZ Construction failed to provide Atlantic with notice of the damage at issue in the Complaint as soon as practicable.

65. Furthermore, MZ Construction has failed to cooperate with Atlantic during its investigation of the claim at issue in the Underlying Lawsuit.

66. MZ Construction has breached its duties under the Policy.

67. The Policy therefore provides no coverage for MZ Construction in connection with the Underlying Lawsuit.

## PRAYER FOR RELIEF

WHEREFORE, for the foregoing reasons, Atlantic respectfully requests that this Honorable Court grant judgment in its favor and enter an order declaring that:

a. Atlantic has no duty to defend MZ Construction in relation to the Underlying Lawsuit;

b. Atlantic has no duty to indemnify MZ Construction in relation to the Underlying Lawsuit; and

c. Atlantic should be awarded such other and further relief that the Court deems just and appropriate.

Respectfully submitted,
Atlantic Casualty Insurance Company

/s/ Patrick S. Kenney
One of Its Attorneys

Dennis M. Dolan
Patrick S. Kenney
LITCHFIELD CAVO LLP
303 West Madison Street, Suite 300
Chicago, Illinois 60606
(312) 781-6641 (Dolan)

(312) 781-6567 (Kenney)
(312) 781-6630 (facsimile)
Dolan@litchfieldcavo.com
Kenney@Litchfieldcavo.com
Attorneys for Atlantic Casualty Insurance Company